## Case No. 8,297.

In re LEVY et al.

[2 Ben. 169; [1] 1 N. B. R. 327 (Quarto, 66); 1 Am. Law T. Rep. Bankr. 122.]

District Court, E. D. New York. Feb. 28, 1868.

WHO MAY OPPOSE A DISCHARGE—SURETY.

1. Creditors who desire to oppose a bankrupt's discharge must prove their claims.

[Cited, but not followed, in Re Murdock, Case No. 9,939.]

2. Neither the discharge of the bankrupt, nor any step taken by the creditor in the course of the proceedings in bankruptcy in regard to his debt against the bankrupt, can release, discharge, or affect any person liable for the same debt for or with the bankrupt, either as partner, joint contractor, indorser, surety, or otherwise.

[This was a proceeding in bankruptcy against Samuel Levy and Mark Levy. It was formerly heard upon the certificate of the register as to his practice in receiving and certifying objections. Case No. 8,298. Then again upon the question whether or not notice of time and place of examination of witnesses as to bankrupts' property should be given bankrupts. Case No. 8,295. It was again heard upon the right to examine one of the bankrupts upon property acquired since filing petition, and upon the right of his counsel to cross-examine him. Case No. 8,296. And again heard upon whether or not attorney for creditors might appear and act as counsel for assignee. Case No. 8,299. It is now heard upon objections filed to bankrupts' discharge.]

In this case, on the return of the order to show cause why the bankrupts should not be discharged, certain creditors, who had not proved their claims, appeared and desired to file objections. They presented an affidavit showing that they held obligations signed by sureties, in actions commenced before the proceedings in bankruptcy, to the effect that the bankrupts should perform the judgments recovered in the suits, which judgments were also recovered before the commencement of the bankruptcy proceedings, and that they were apprehensive lest, by proving their debt, they might imperil their rights as against the sureties. The register held that they could not file objections without proving their claims, and, on their request, certified the question to the court.

[By I. T. WILLIAMS, Register:

[On the return of the order to show cause in the above matter, Mr. Charles H. Smith presented notice of appearance and intention to file objections on the part of Messrs. H. B. Claflin & Co., John M. Davis & Co., H. Duhring & Co., Hoyt, Sprague & Co., Albert C. Lamson, and Jacob Stettheimer, Jr., creditors of the bankrupts. Messrs. Benedict & Boardman, on the part of the bankrupts, objected to the receipt thereof by the register, on the ground that the said cred-

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.].

itors had not proved their claims, and therefore were not entitled to appear in the case to oppose the discharge of the bankrupt. Whereupon Mr. Smith read an affidavit which is hereunto annexed. The register decided that the said creditors were not entitled to appear in the proceedings and file their objections, until they should first have duly proved their claims respectively. Whereupon the parties desired the question to be certified to the court, and Mr. Smith handed up his points, which are hereunto annexed. Pursuant to the requirement of the nineteenth rule of this court, the register respectfully submits that his decision aforesaid is based upon the language of the twenty-ninth section of the act [of 1867 (14 Stat. 53)], which provides that the court shall order notice to be given to all creditors who have proved their debts to appear on a day appointed for that purpose, and show cause why a discharge should not be granted to the bankrupt. Section 31 does not provide that any creditors may oppose, but speaks of "any creditor opposing," referring to those who may oppose, i. e. those who are called to the meeting under the provisions of section 29. It is true that section 24 provides that a creditor who may not have proved his demand in the proceedings may attack the discharge within two years, but this attachment is a substantive proceeding, not in, but independent of the proceeding taken by the bankrupt to procure his discharge.] [2]

C. H. Smith, for creditors.
Benedict & Boardman, for bankrupts.

BLATCHFORD, District Judge. The register was correct in his decision. If a creditor proves his debt against a bankrupt. the only effect, under section twenty-one of the act, is, that he cannot afterward maintain a suit against the bankrupt on the debt. and that proceedings pending thereon against the bankrupt, and unsatisfied judgments already obtained thereon against the bankrupt, are discharged and surrendered by the proving of the debt. But the creditor may still sue any one else liable on the same debt, and proceedings pending against others thereon, and unsatisfied judgments already obtained against others thereon, are not affected, discharged, or surrendered by the proving of the debt. In this respect, the twenty-first section must be construed in connection with the thirty-third section, which provides that "no discharge granted under this act shall release, discharge, or affect any person liable for the same debt for or with the bankrupt, either as partner, joint contractor, indorser, surety, or otherwise." Neither the discharge of the bankrupt, nor any step taken by the creditor, in the course of the proceedings in bankruptcy, in regard to his debt against the bankrupt,

can have the effect to release, discharge, or affect any person liable for the same debt for or with the bankrupt, either as partner, joint contractor, indorser, surety, or otherwise. [Such of a bankrupt's creditors as have not duly proved their claims against his estate cannot appear in opposition to his discharge.] [3]

---

## Case No. 8,298.

In re LEVY et al.

[1 N. B. R. 105;[1] Bankr. Reg. Supp. 23; 6 Int. Rev. Rec. 134.]

District Court, S. D. New York. Oct. 1, 1867.

BANKRUPTCY — EXAMINATION OF BANKRUPT — OBJECTIONS AND EXCEPTIONS TO REGISTER'S RULINGS.

In an examination of bankrupts by creditors under section 26 of the act [of 1867 (14 Stat. 529)], where questions are objected to, the register will pass upon the same, and permit the parties to take formal exceptions to his rulings. At the close, motion to strike out specified points, or to have excluded questions answered, will be entertained, and the questions be certified for decision by the judge, and proceedings thereafter be had in accordance with such decision.

[Cited in Re Lyon, Case No. 8,643.]

The creditors of the above bankrupts [Samuel M. Levy and Mark Levy] being before the register examining the bankrupts under the provisions of section 26 of the act, the counsel of the bankrupts interposes various objections to questions put by the counsel for creditors, such as, that they were immaterial, &c. The question at once arises whether the register has the right to pass upon these questions. The counsel for the creditors insists he has the right to put any questions he sees fit, and that the register must take the answers, as in the case of an examiner in chancery. The counsel for the bankrupt insists that the objections must be passed upon by the register, with the right of either counsel if he sees fit to demand that the questions be certified to the judge.

By ISAIAH T. WILLIAMS, Register:

The matter presents many difficulties and embarrassments. It is true, as appears by reference to English adjudications, that the largest liberty of examinations should be allowed, and a question will, perhaps, rarely be ruled out. Yet it would seem that there should be some discretion exercised by the register to prevent abuses. The case is quite different, so far as the rights and interests of the parties are concerned, from that of testimony taken before an examiner in a suit in chancery; it is open to greater abuses, and the field of inquiry is larger. The matters to be inquired about are often of a more delicate and private nature, affecting household expenses and family matters of every character. The state of feeling be-

---

[2] [From 1 N. B. R. 327 (Quarto, 66).]

[3] [From 1 Am. Law T. Rep. Bankr. 122.]
[1] [Reprinted from 1 N. B. R. 105, by permission.]